Boynton, J.
It is first contended by counsel for the plaintiff, that the court erred in charging the jury, that in order to justify the taking of the life of the assailant, it must appear that the accused honestly and truly believed that he was in imminent danger of death or of great bodily harm, and that he had just and reasonable cause to apprehend such danger. The proposition asserted in argument is, that an honest belief in the existence of the danger, whether well founded or not, is all that is required to justify the assailed in taking the life of the assailant; or as expressed in the request which the court declined to give, whether or not the party attacked has reasonable ground to apprehend danger to life, or great bodily harm, from the attack of the assailant, he alone is the judge. This q>osition is entirely untenable. One person can justify the taking of the life of another in self-defense only where, in the proper exercise of his faculties, he believes, in good faith, and upon sufficient or reasonable grounds of belief, that he is in imminent danger of death, or grievous bodily harm. Marts v. The State, 26 Ohio St. 162. It is not, however, necessary that the danger should prove real, or in fact exist, for, whether real or apparent, if the circumstances are such as to induce a belief, reasonable and well grounded, that life is in peril, or that grievous bodily harm is impending, the party threatened with the danger may act upon appear *63 anees and slay bis assailant. But there must be a reasonable ground for his belief in the danger threatened, arising out of the circumstances in -which he is placed, otherwise the act of taking the life of the assailant is entirely without justification.
2. It is next contended, that the court erred in refusing to charge the jury, that, if the fault, or wrong, or negligence of the deceased contributed to the injury that resulted in his death, the action would not lie, and consequently, that there could be no recovery. This claim is so entirely unfounded, that little need be said in disposing of it. "Where death results from an injury caused by negligence, no recovery can be had, where the injury, but for the negligence of the deceased, would not have resulted. The statute expressly requires the wrongful act, neglect, or default to have been such, that the party injured could have maintained the action, if death had not ensued. 2 S. & C. § 1139. The case, however, is not one of negligence. The petition made a case of intentional killing. The defendant denied the charge, and alleged that 'all he did was done in defense of his person against an attack of the deceased. This allegation the plaintiff denied. Upon these issues the case went to trial. There was no pretense that the defendant’s liability arose from negligence. The injury was the outgrowth of a fight or affray. Had the deceased survived, and brought an action for the injury, it would have been an action for an assault and battery. In such action the law governing cases of negligence would have been entirely inapplicable. The party first assaulted is entitled to recover for the injury inflicted upon him by the assailant, and the assailing party may recover for the injury to him resulting from excess of force or beating where the bounds of self-defense have been overstepped. Dole v. Erskine, 35 N. H. 503; Cooley on Torts, 165. The case is clearly within the statute, and the court was clearly right in rejecting the prayer of the defendant.
The remaining objection relates to the sufficiency of the evidence to support the verdict. "We have carefully exam *64 ined it, and are satisfied that the verdict ought not to be disturbed.

Judgment affirmed.